S.W.3d 43, 45 (Mo.App. E.D.2002). In addition, "[a]n argument should show how the principles of law and the facts of the case interact." *Boyd v. Boyd,* 134 S.W.3d 820, 824 (Mo.App. W.D.2004). While Appellant includes some citations to authority, such citations are misguided and are inapplicable to her claim of error. She cites one case for the proposition that a denial of a motion to intervene is appealable, however, her other citations to authority include statutes without any explanation as to how the law and the facts of her case interact. She does not explain how these cases support her contention that the trial court erred in denying her motion to intervene. *See Patterson v. Waterman,* 96 S.W.3d 177, 179 (Mo.App. S.D.2003). When an appellant does not cite relevant authority in support of her position, or explain its absence, we are justified in considering the point abandoned. *Schubert v. Trailmobile Trailer, L.L.C.,* 111 S.W.3d 897, 906 (Mo.App. S.D. 2003). "[A]llegations of error not briefed or not properly briefed shall not be considered in any civil appeal." Rule 84.13(a).

Although we are acutely aware of the problems faced by *pro se* litigants, Appellant's *pro se* status does not excuse her from her compliance with Rule 84.04. *See Speer v. K & B Leather Co.,* 150 S.W.3d 387, 388 (Mo.App. S.D.2004). As a result of numerous violations in Appellant's brief, nothing is preserved for our review. We dismiss the appeal.

**F.A., Appellant,**

v.

**D.A., Respondent.**

**No. WD 64255.**

Missouri Court of Appeals,
Western District.

June 30, 2005.

Archer Franklin, Gallatine, MO, Appellant Acting Pro Se.

Susan Kephart, St. Joseph, MO, for Respondent.

Before NEWTON, P.J., LOWENSTEIN and BRECKENRIDGE, JJ.

## *ORDER*

PER CURIAM.

Trial court granted respondent's motion to modify child custody by granting her sole legal custody and limiting appellant's rights of visitation. Affirmed. Rule 84.16(b).